UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                      Plaintiff,       :
                                            :
  v.                                        :
                                            :   00-CV-478S
TEE TO GREEN GOLF PARKS, INC.,              :
STEVEN D. BLUMHAGEN, SUSAN BLUMHAGEN,       :
DAVID E. TROTTER, HANOVER FINANCIAL         :
GROUP, INC., DONALD W. OWENS,               :
FINANCIAL SECURITY GROUP                    :
INSURANCE AGENCY, INC.,                     :
                                            :
                      Defendants.      :
_____         :

## FINAL JUDGMENT
## AS TO DEFENDANTS TEE TO GREEN GOLF PARKS, INC., AND STEVEN D. BLUMHAGEN

Whereas, the Securities and Exchange Commission (the "Commission") having moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment against defendants Tee To Green Golf Parks, Inc. ("Tee To Green"), and Steven D. Blumhagen (collectively, the "Defendants") (Docket No. 151), and this Court having granted the Commission's motion, including the request for injunctive relief (Docket No. 162); and

Whereas, the Securities and Exchange Commission having moved to: (1) withdraw with prejudice its requests in the complaint for civil penalties, disgorgement and prejudgment interest against Tee To Green and Steven Blumhagen; and (2) withdraw its requests in the complaint for an accounting from Tee To Green (Docket No. 170); and this Court having reviewed the Commission's motion:

IT HEREBY IS ORDERED, that the Commission's Motion to Withdraw Certain Requests (Docket No. 170) is GRANTED.

**I.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tee To Green and Steven D. Blumhagen be, and Tee To Green's and Steven D. Blumhagen's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment as to Defendants Tee To Green Golf Parks, Inc. and Steven D. Blumhagen ("Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen") by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tee To Green and Steven D. Blumhagen be, and Tee To Green's and Steven D. Blumhagen's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive

actual notice of this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Tee To Green and Steven D. Blumhagen be, and Tee To Green's and Steven D. Blumhagen's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities through the use or medium of a prospectus or otherwise, unless a registration statement is in effect as to such securities; or

 (b) carrying such securities or causing such securities to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such securities; or

 (c) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise any securities, without a registration statement having been filed or being in effect with the Commission as to such securities.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment of Permanent Injunction is binding on Tee To Green and Steven D. Blumhagen, and Tee To Green's and Steven D. Blumhagen's officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it who receive actual notice of this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen by personal service or otherwise, pursuant to Federal Rule of Civil Procedure 65(d).

**V.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to the Commission's motion, dated March 11, 2011, the Commission's claims for disgorgement,

prejudgment interest, and civil penalties against Steven D. Blumhagen and Tee To Green are withdrawn with prejudice and the Commission's claim for an accounting against Tee To Green is withdrawn with prejudice.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission may effect service of this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen and all other papers in this action upon Defendants by regular mail.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there being no just reason for delay, the Clerk of Court is hereby directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this Final Judgment as to Defendants Tee To Green and Steven D. Blumhagen forthwith.

Dated:     Buffalo, New York
           March 15, 2011

                                    s/William M. Skretny
                                WILLIAM M. SKRETNY
                                     Chief Judge
                              United States District Court